(*Criminal Court of Cook County.*)

## People of the State of Illinois

### vs.

### William A. Paulsen, et al.

(October, 1907.)

BAIL—SURRENDER OF PRINCIPAL—POWER TO MAKE, OUTSIDE OF COUNTY WHERE PRINCIPAL BOUND TO APPEAR—SECTION 14, DIV. III, OF CRIMINAL CODE CONSTRUED. A surrender to the sheriff of the county where the principal of a bail bond is required to appear made *outside* of said county is effective to release the sureties on the bond of their liability; for section 14, div. III, of the Criminal Code (S. & C. Ann. St., p. 1365) which provides that "the surrender shall be made to the sheriff of the county where the principal is required to appear," excludes the idea that the surrender must be made within said county.

Suit on bail bond. Motion to direct verdict. Heard before Judge Thomas G. Windes.

Statement of facts:

At the October, 1900, term of the criminal court of Cook county William A. Paulsen was convicted of the crime of embezzlement. He thereupon sued out a writ of error in the supreme court, and upon his motion an order was entered in that court on December 11, 1900, directing the sheriff of Cook county to admit him to bail in the sum of $5,000, upon his entering into a recognizance conditioned as provided in said order with William M. Booth and Edwin A. Casey as sureties.

Pursuant to said order of December 11, 1900, said Paul-

sen as principal and said Booth and Casey, as sureties, did execute their certain recognizance in the penal sum of $5,000 for the use of the people, etc., which said recognizance was conditioned as provided in and by said order. Said recognizance was duly taken and approved by the sheriff of Cook county on December 12, 1900.

On February 21, 1902, the supreme court affirmed the judgment of the criminal court of Cook county. On April 21, 1902, said supreme court allowed a writ of error from its judgment of affirmance to the United States supreme court, which was to operate as a supersedeas until it was disposed of by the supreme court of the United States.

In October, 1904, the supreme court of the United States dismissed the writ of error.

On Dec. 12, 1904, Casey, one of the sureties delivered to Thomas E. Barrett, as sheriff of Cook county, a certified copy of the recognizance and appointed him as his (Casey's) agent to arrest Paulsen. The next day (the 13th), by virtue of this authority, the sheriff by one of his deputies, arrested Paulsen in DuPage county and made a return upon the recognizance to the effect that Paulsen had been taken into custody by him. On December 14, 1904, while in DuPage county in the keeping of the deputy sheriff of Cook county, Paulsen filed a petition in the circuit court of the 16th judicial circuit of the state of Illinois, for a writ of habeas corpus, directed against said sheriff Barrett, etc.; said writ was made returnable first on December 20, 1904, and thereafter was continued to December 27, 1904. The habeas corpus writ was served on the sheriff and the latter pursuant thereto produced Paulsen before the judge of the circuit court of the 16th circuit, making a return in which he stated that he held Paulsen by virtue of a certain surrender on a recognizance. On Dec. 27, 1904, Paulsen was discharged from custody after a hearing on the habeas corpus writ. He had been continuously in jail under the writ since its issuance.

On December 15, 1904, there was filed with the clerk of

the criminal court of Cook County the order of affirmance of the supreme court of Illinois and on December 16, 1904, there was filed the order of December 11, 1900 (directing the sheriff of said Cook county to admit said Paulsen to bail) and also the recognizance in question, which had been executed by said Paulsen, as principal, and Booth and Casey as sureties, on December 12, 1900.

Immediately upon the filing of said recognizance, on December 16, 1904, there was entered in said criminal court of Cook county an order of forfeiture against both said principal, Paulsen, and said sureties, Booth and Casey.

Immediately thereafter and within the time allowed by law, said Paulsen and Casey (said Booth being dead) made motions to vacate the order of December 16, 1904, declaring a forfeiture of said recognizance and in support of said motions filed certain affidavits.

Thereafter on January 22, 1906, an order was entered denying said motion to vacate said forfeiture, and directing said principal and surety to plead to the writ of *scire facias*. Principal Paulsen and surety Casey thereupon pleaded to said writ of *scire facias*, and a trial was had.

*John J. Healy*, state's attorney, *Hobart P. Young*, and *Charles F. McKinley*, for the People.

*Att Brothers*, for William A. Paulsen.

*Moran, Mayer & Meyer*, for Edwin A. Casey.

WINDES, J.:—

I am somewhat surprised at the authorities cited on behalf of the plaintiff here being so strict in holding a surety on a recognizance. They certainly are far more strict than the usual authorities on sureties on bonds of other kinds. I think that the decision in this case turns upon the construction of the section of the statute here which to my mind has not been passed upon directly by any of the decisions cited by counsel.

Now there is no question but that the sureties may go anywhere within the state and arrest the principal and bring

him to the sheriff of the county where he is to appear and surrender, and in that way relieve the surety 'from any liability upon the recognizance. Here the sheriff is made the agent of the surety to do that thing. At the same time, according to the evidence here, he has acted as sheriff of Cook county outside of the county. Section 307 referred to says: "The surrender shall be made to the sheriff of the county where the principal is required to appear." That does not say that the surrender shall be made in the county where the principal is bound to appear, but to the sheriff of the county where the principal is required to appear, so I take it that a fair construction of the statute is under the facts here that the moment this surrender—I mean the moment this arrest was made by the sheriff of Cook county, his deputy acting for him, that moment the sheriff of Cook county was in possession of the principal the condition of the bond was complied with. If the statute said that the surrender must be made within the county or in the county where the principal is required to appear, that would be another thing, but when the agent and the sheriff are both made one person it seems to me that there is a sufficient surrender to comply with the statute here by the principal, and that being my view of it I will give the instruction for the defendant and refuse the instruction for the plaintiff.